# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | 1:11-cv-551 LJO GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND |
| v. | |
| STATE OF CALIFORNIA; VISTA SUPERIOR COURT; JERRY BROWN; KAMALA HARRIS; and KATHLEEN ALLISON, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, Matthew Lawrie, ("Plaintiff"), a state prisoner, appearing pro se and proceeding in forma pauperis, filed the instant complaint on April 4, 2011. (Doc. 1). Plaintiff alleges that mail he sent to a San Diego County Superior Court, Central Division was sent to the "Vista Superior Court" because the "Vista Superior Court" is attempting to control the delivery of his mail. Plaintiff files this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff names the State

1

of California, the "Vista Superior Court of California;"[1] Jerry Brown, Governor of the State of California; Kamala Harris, the Attorney General of the State of California; and Kathleen Allison, Warden of the California Substance Abuse Treatment Facility and State Prison as Defendants ("Defendants). The Court has screened the complaint and recommends that the complaint be dismissed without leave to amend.

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,

---

[1] Although Plaintiff names the Vista Superior Court, the Court takes judicial notice of the fact that no such Court exits. It appears that Plaintiff intended to name the San Diego County Superior Court located in Vista, California.

467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff alleges that mail he addressed to the San Diego County Superior Court, Central Division ("San Diego Court" of "Central Division"), was sent to the wrong address. Specifically, Plaintiff contends that the San Diego County Superior Court, Northern Division, located in Vista, California ("Vista Court" or "Vista Division"), is attempting to reroute his mail because Plaintiff has filed complaints to the Commission on Judicial Performance regarding judges located within the Vista Division. Plaintiff has attached correspondence mailed to the court and argues that the Vista Division responded to correspondence he sent to a Judge Harry Powazek located in the Central Division. In support of his argument, he relies upon the fact that he sent the correspondence to the San Diego Court listing a zip code of 92112, but received correspondence from the Vista Court with a zip code of 92083. As a result of the above, Plaintiff seeks $1,000,000.00 in monetary damages.

C.   Analysis of Plaintiff's Claims

   **1.   *Rule 8(a)***

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

1  Under section 1983, Plaintiff must demonstrate that each defendant personally
2 participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
3 2002). This requires the presentation of factual allegations sufficient to state a plausible claim
4 for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
5 2009). The mere possibility of misconduct falls short of meeting this plausibility standard.
6 Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

7  **2.  *Fanciful Allegations of Fact***

8  As a preliminary matter, Plaintiff appears to be confused, or alternatively, he has made
9 some factually fanciful allegations. For example, the correspondence attached to Plaintiff's
10 complaint indicates that he is attempting to have improper ex parte communications with a judge
11 or other court personnel. As a result, the court has returned this correspondence to him.
12 Moreover, Plaintiff is attempting to communicate with Judge Harry Powazek, and is addressing
13 this correspondence to the San Diego Superior Court, Central Division. However, it appears that
14 Judge Powazek is actually assigned to the Vista Division which is why some of the return
15 correspondence is mailed from that address.

16  Moreover, Plaintiff also alleges that Governor Jerry Brown, Attorney General Harris, and
17 Warden Allison are responsible for rerouting Plaintiff's mail. However, it is completely unclear
18 as to how these individuals have any control over actions taken by the court, and Plaintiff has
19 established no factual basis in support of his assertions. Accordingly, Plaintiff's allegations are
20 totally without support and, therefore, subject to dismissal because they are frivolous.

21  **3.  *Section 1983 Claims***

22  In addition the above, the Civil Rights Act under which this action was filed provides :

23  Every person who, under color of [state law] ... subjects, or causes to be subjected,
any citizen of the United States ... to the deprivation of any rights, privileges, or
24  immunities secured by the Constitution... shall be liable to the party injured in an
action at law, suit in equity, or other proper proceedings for redress ...
25  42 U.S.C. § 1983.

26  Therefore, to state a claim under section 1983, a plaintiff must allege a right secured by
27 the Constitution or other law of the United States, and must show that the alleged deprivation
28 was committed by a person acting under color or state law. West v. Atkins, 487 U.S. 42 (1988).

4

In this instance, Plaintiff has failed to identify any Constitutional violation or any other United States laws that were violated.  Moreover, this Court is unaware of any constitutional violation that would encompass Plaintiff's allegations.  Therefore, Plaintiff's claims are not cognizable under Section 1983.  The deficiencies are not curable, and the Court recommends that Plaintiff's complaint be dismissed without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Moreover, the statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Here, although Plaintiff makes conclusory allegations that the Vista Division of the San Diego Superior Court and other Defendants are attempting to reroute his mail, he has failed to identify any causal connection between Defendants actions and a violation his constitutional rights.  As previously noted, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.  Plaintiff has done nothing more than state a legal conclusion the Defendants violated his rights under Section 1983 without providing the necessary factual or legal authority in support of his claims.

    **4.**    *Eleventh Amendment*

Plaintiff has named the State of California and the Vista County Superior Court as a Defendant.  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop.,

951 F.2d 1050, 1053 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Therefore, the Eleventh Amendment bars Plaintiff's case against the State of California.

Moreover, a suit against the Superior Court is also considered a suit against the State and is barred by the Eleventh Amendment. Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1107 (9th Cir. 1987). Defendant San Diego County Superior Court in Vista is not a person that can be liable under § 1983. See Will v. Michigan Dept. Of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (The United States Supreme Court has held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights lawsuits under 42 U.S.C. § 1983).

Finally, the Eleventh Amendment bars Plaintiff's claims for damages from the named Defendants in their official capacities. See Doe v. Lawrence Livermore National Lab., 131 F.3d 836, 839 (9th Cir. 1997). In the present case, Plaintiff has named Governor Jerry Brown, State Attorney General Kamala Harris, and Kathleen Allison as Defendants in this action.[2] However, the Eleventh Amendment bars this type of action against them. To the extent the Plaintiff's complaint names all of the defendants in their official capacities, it fails to state a cause of action. Accordingly, it is recommended that the complaint be DISMISSED WITHOUT LEAVE TO AMEND against Defendants Jerry Brown, Kamala Harris, and Warden Allison in their official capacities.

**5.**   ***RICO Claim***

Plaintiff does not allege a specific violation under the Racketeer Influenced and Corrupt Organizations Act ("RICO") per se, but he asks that this Court initiate a RICO investigation into his claims. More particularly, Plaintiff requests that the Court appoint a specific officer with the

---

[2] Although not specifically alleged in the Complaint, the Court presumes that Plaintiff has named these Defendants in their official capacity as there is no indication that these Defendants were acting in their individual capacities at the time of the alleged misconduct. Moreover, given the fanciful nature of Plaintiff's allegations, the Court will not allow Plaintiff the opportunity to amend the complaint to clarify this issue as it would be futile.

Federal Bureau of Investigation to lead this investigation. There is a private right of action for violation of RICO. Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008); Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1146-47 (9th Cir. 2008). However, Plaintiff has provided no legal authority in support of his request and is advised that this Court is aware of no legal authority to support Plaintiff's request. This Court has no jurisdiction to order a federal agency or federal agent to initiate an investigation of this nature on Plaintiff's behalf. Therefore, this Court will recommend that any portion of Plaintiff's complaint that may be construed as a RICO cause of action be DISMISSED WITHOUT LEAVE TO AMEND.

D.     Malice

The instant complaint, as well as Plaintiff's litigation history before this Court, suggests that Plaintiff may be bringing this action with malice and in the absence of good faith. The Court is aware that in the last several months, Plaintiff has filed at least 13 lawsuits in various federal district courts in California, including six in this district, as well as two cases in the Northern District and four cases in the Southern District.[3] The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.

Many of Plaintiff's complaints share a common thread - they are brought against a multitude of the same state officials and the complaints allege causes of action in which Plaintiff believes he has been wronged. Moreover, Plaintiff's complaints appear to be supported by little more than vague, conclusory statements. It is becoming apparent to this Court that Plaintiff is taking advantage of his in forma pauperis status to file multiple meritless lawsuits. Plaintiff's

---

[3] In addition the this case, the case numbers of the lawsuits Plaintiff has filed in this district are : Lawrie v. State of California et al., 1:11-cv-472 OWW SKO; Lawrie v. Harris et al., 2:11-cv-698 EFB; Lawrie v. Allison et al., 1:10-cv-2300 MJS; Lawrie v. State of California et al., 1:11-cv-471 DLB; and Lawrie v. Allison et al., 1:11-cv-798 GSA . The cases filed in the Northern District of California are: Lawrie v. Cline et al., 4:11-cv-1235 SBA and Lawrie v. Hedgepeth et al., 3:10-cv-2871 CRB. Cases filed in the Southern District of California include: Lawrie v. Cate, 3:10-cv-1034 DMS PCL; Lawrie v. Hedgepeth, 3:10-cv-1076 JM-WMC; Lawrie v. Harris, 3:11-cv-298 AJB JMA; and Lawrie v. Allison et al., 3:11-cv-915 AJB CAB.

lack of good faith is therefore another reason to recommend dismissal of this action without leave to amend.

### RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS as follows:

1.  That Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for a failure to state a claim and as frivolous; and

2.  That in the event this matter is in fact dismissed, the dismissal count as a strike pursuant to Title 28 U.S.C. 1915(g).[4]

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 13, 2011**                    /s/ **Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[4] That section provides, in pertinent part: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."